UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

IN RE:

PALM BEACH MARITIME FOUNDATION, INC.,

    Debtor.

Case No. 15-31871-PGH

Chapter 11

_____/

PALM BEACH MARITIME FOUNDATION, INC.,

    Plaintiff

v.

PALM BEACH MARITIME MUSEUM, INC.,

    Defendant

Adv. Pro. 16-01090-PGH

_____/

### PALM BEACH MARITIME MUSEUM, INC.'S MOTION FOR MANDATORY ABSTENTION OR IN THE ALTERNATIVE PERMISSIVE ABSTENTION AND/OR EQUITABLE REMAND

PALM BEACH MARITIME MUSEUM, INC. (PBMM"), by and through undersigned counsel, and pursuant to 28 U.S.C. §1334(c), 28 U.S.C. § 1452(b) and 11 U.S.C. § 362(d)(1), hereby files its Motion Mandatory Abstention Or in the Alternative Permission Abstention and/or Equitable Remand, and states as follows:

#### INTRODUCTION AND BACKGROUND

Palm Beach Maritime Museum Inc., ("PBMM") is a not-for-profit corporation created to provide educational programs and access to maritime museums to the general public. PBMM

operates two public facilities which contain interactive exhibits, artifacts and displays. Additionally, PBMM operates the Palm Beach Maritime Academy ("Academy"), a tuition free Charter School. PBMM is operated through a board of volunteer directors that donate their time in furtherance of PBMM's mission. The Debtor is the sole member of PBMM. The membership right in PBMM provides for limited corporate governance rights but otherwise has no economic value due to the not-for profit status of PBMM and the Debtor. Additionally, the Debtor previously provided management services to the Academy pursuant to a Management Agreement that has since been terminated prior to the filing of the bankruptcy petition due to the Debtor's failure to properly perform its services under the agreement and other breaches.

On or around July 30, 2015, following the termination of the Management Agreement, the Debtor, filed its original Complaint in the Palm Beach County Circuit Court Case No. CA008664 ("State Action") against the Defendants, PBMM, and all of the individual directors of PBMM, Richard Scott Shelley, Andrew C. Binns, Steven M. Bolin, and Judy Lehman ("PBMM Board") (collectively the "Defendants"). The Debtor contemporaneously filed an Emergency Motion for Temporary Injunctive Relief[1]. On August 14, 2015, the Debtor filed an Amended Complaint before any of the Defendants filed a response to the original complaint. The Debtor likewise amended its Emergency Motion for Temporary Injunctive Relief[2]. Shortly thereafter, the Defendants filed a Motion to Dismiss which was granted in part.

On November 11, 2015, the Debtor filed its Second Amended Complaint against the Defendants. The Debtor's Second Amended Complaint contains nine counts against the various defendants each of which arise from or relate to the management agreement, an alleged oral

---

[1] On August 3, 2015 the Court entered an Order Denying the Verified Motion for Temporary Injunctive Relief as an Emergency.
[2] On August 20, 2015 the Court again denied the Plaintiffs' Verified Motion for Temporary Injunctive Relief as an Emergency.

{37634260;1}
- 2 -

contract between the PBMM and the Debtor, or the alleged tortious interference with the management agreement by the PBMM Board. Counts I& II, are directed at PBMM arise from an alleged breach of the Management Agreement. Count III alleges a breach of an alleged oral agreement regarding the transfer of certain items. Count IV is a claim for Declaratory Judgment directed to PBMM and Defendant, Shelley, regarding the interpretation of the Amended and Restated Articles of Incorporation of PBMM. Therein, the Debtor maintains that the Debtor properly removed Shelley from PBMM's Board of directors and PBMM Board has failed to recognize Shelley's removal. This allegation also serves as the basis for Count V which seeks injunctive relief against PBMM and Shelley. Counts VI and IX seek monetary damages against the PBMM Board for tortious interference. Counts VII and VIII seek Declaratory and Injunctive Relief from PBMM, Bins, Bolin, and Lehman arising from PBMM alleged failure to recognize the Debtor's attempts to remove Bins, Bolin, and Lehman from its board of directors.

This litigation was assigned to Judge Lisa Small who has presided over this case since July of 2015. There has been substantial activity on this matter, including several hearings on PBMM's Motion to Dismiss (which was granted in part) and Debtor's Motion for Temporary Injunction (preliminarily denied). As a result, Judge Small is very familiar with the substantive legal and factual issues of this litigation. In fact, to date, Judge Small has reviewed extensive filings and documents in anticipation of an evidentiary hearing on the Motion for Temporary Injunction. Additionally, the Defendants have filed their Answer and Affirmative Defenses to the Second Amended Complaint, filed a Counterclaim against the Debtor and others, and issued written discovery to the Debtor.[3]

After almost 7 months of litigation, and following an unfavorable ruling on the Debtor's

---

[3] Copies of the Second Amended Complaint, Counter Claim and Order Denying Temporary Injunction are attached as Exhibits 1, 2 and 3 to PBMM's Motion to Dismiss Chapter 11 Case as Bad Faith Filing filed contemporaneous with this Motion.

Motion for Temporary Injunction, the Debtor filed its Notice of Removal on February 9, 2016—almost two months after the Chapter 11 case was filed. The Debtor's Notice of Removal incorrectly asserts that the issues presented in this litigation constitute "Core Proceedings" and as a result are necessary for the proper administration of the Bankruptcy Estate. The Debtor maintains that there are "two separate, independently sufficient bases" for the removal. First, the Debtor argues that this action arises under the Bankruptcy Code and "relates to a cause under the Bankruptcy Code." Next, the Debtor avers that the litigation arises under federal law as contemplated by 28 U.S.C. §1331. Each of the Debtor's unsupported assertions are simply inaccurate as a matter of law. To the contrary, this removed proceeding is subject to mandatory abstention because: (1) the action was originally commenced in State Court; (2) there is no independent basis for federal jurisdiction over the litigation other than that it arguably "relates to" the potential recovery of assets of the debtor; (3) the litigation does not "arise under" or "arise in" a bankruptcy case or the Bankruptcy Code; and (4) the action can be timely and more efficiently adjudicated in State Court.

Alternatively, the Court should exercise either permissive abstention or equitable remand. The litigation involves only state law claims and the sole basis for federal jurisdiction is that it ostensibly "relates to" a pending bankruptcy case; yet, the State Court is more familiar with the parties and is intimately familiar with many of the factual and legal state law issues as a result of the hearing on Plaintiffs' Motion for Temporary Injunction that was fully briefed and partially heard on September 8, 2015. It cannot be forgotten that the removal followed an unfavorable order from the State Court which highly suggests forum-shopping.

For the reasons set forth briefly above, and in greater detail below, this Court should

abstain and remand this litigation back to State Court.

## MEMORANDUM OF LAW

Although removal of an action from State Court under 28 U.S.C. § 1452 is effective upon the filing of a properly filed notice, it remains subject to at least two significant limitations: (1) mandatory abstention under 28 U.S.C. § 1334(c)(2); and (2) discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1). See *First National Bank of Westminster v. Rarick* (In re Rarick), 132 B.R. 47, 49 (D. Colo. 1991). Abstention by bankruptcy courts is designed to further the legislative intent that bankruptcy courts avoid usurping the traditional precincts of the State Courts. See *Cook v. Griffin,* 102 B.R. 875, 877 (N.D. Ga. 1989); see also *Williams v. Stefan,* 133 B.R. 119, 123 (N.D. Ill. 1991); In re *Rarick,* 132 B.R. 47, 49, and *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc.* (In re *Republic Reader's Service, Inc.),* 81 B.R. 422, 425 (Bankr. S.D. Tex. 1987). "A clear congressional policy exists to give state law claimants a right to have claims heard in state court." *Piombo Corporation v. Castlerock Properties* (In re *Castlerock Properties*), 781 F.2d 159, 163 (9th Cir. 1986); *see also In re Rarick, 132 B.R. 47, 49,* citing *Castlerock.*

In short, if this proceeding satisfies the factors set forth in 28 U.S.C. §1334(c)(2), this Court must abstain. Alternatively, should grounds exist under 28 U.S.C. § 1334(c)(1) or §1452(b) it is within this Court's discretion to abstain or remand. Applicable case law is also clear that: "Removal statutes are to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court."*Luevano v. Dow Corning Corp.,* 183 B.R. 751 (W.D. Tex. 1995), citing *Shamrock Oil & GasCorp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

I.   **Legal Standard for Mandatory Abstention.**

Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334(c)(2).

Under this section, the Court must abstain from hearing a removed action when four factors are satisfied: (1) there is no basis for federal jurisdiction other than 28 U.S.C. § 1334(b); (2) the claim is a non-core proceeding; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court. *See, e.g., In re Sol*, LLC, 419 B.R. 498, 504 (Bankr. S.D. Fla. 2009) (Cristol, J.); *In re United Container, LLC*, 284 B.R. 162, 171 (Bankr. S.D. Fla. 2002) (Mark, J.); *see also Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000) (mandatory abstention applies to state law claims).

II.   **Each of the Mandatory Abstention Elements are Present**

A.   **Movant has made a Timely Motion for Abstention.**

This element is satisfied as a result of PBMM's prompt filing of its Motion for abstention.

B.   **This Adversary Proceeding is Based Wholly Upon State Law Causes of Action.**

As explained above, this proceeding involves purely state law claims and causes of action to be determined solely under Florida law. These claims are not dependent upon the construction or application of any bankruptcy law.

C.   **This Action is Merely "Related to" the Debtor's Chapter 11 Case.**

None of the claims or causes of action asserted in the Second Amended Complaint or

Counterclaim arise under the Bankruptcy Code or in the bankruptcy case. The relief sought in the state court proceeding is not dependent upon the construction or application of bankruptcy law. "When the issues in the proceeding involve state law breach of contract . . . which would not have been commenced in the bankruptcy court, but for the bankruptcy filing the proceeding should be regarded as a 'related to case not arising under title 11' . . . *In re Revco D.S., Inc.*, 99 B.R. 768, 774 (citations omitted); see also *Allied Mechanical and Plumbing Corp. v. Dynamic Hostels Housing Development Fund Co., Inc.*, 62 B.R. 873, 877 (Bankr. S.D.N.Y. 1986).

The claims asserted in the adversary action are purely state law contract and corporate governance disputes and do not have any Title 11 nexus at all. As a result, and as a matter of law, this action is at most "related to" the Debtor's Chapter 11 case and does not "arise under Title 11".

D. **There is No Independent Basis for Federal Jurisdiction**

Absent jurisdiction under 28 U.S.C. § Section 1334, this proceeding could not have otherwise been commenced in any Federal Court. Neither federal questions nor diversity/amount in controversy jurisdiction exist. The Debtor's Second Amended Complaint and the Counterclaim filed by PBMM asserts claims arising only under state law. The claims set forth in the Second Amended Complaint include breach of contract, specific performance, injunctive and declaratory relief arising from the PBMM governing documents, and tortious interference with a business relationship—all purely state law issues. The Counterclaim asserts claims for: 1) Declaratory Judgment as to the interpretation of the PBMM governing documents; 2) Breach of Fiduciary Duty; 3) Replevin; 4) Tortious Interference with a Business Relationship; 5) Breach of Contract; and 6) Conversion—Again, all pure state law issues. "Only when federal law supplies the rule of decision, or an interpretation of a federal right is an

essential ingredient of a claim, does the dispute present a federal question." *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 789 (11th Cir. 1990). In this case, it simply cannot be disputed that the claims presented in the Second Amended Complaint and Counterclaim lack any federal question. As such, this Honorable Court is without original jurisdiction over the claims presented therein. Moreover, all parties involved in both the Second Amended Complaint and Counterclaim are Florida citizens. As a result, this court does not have subject matter nor diversity jurisdiction over the litigation.

While it is difficult to ascertain from the Plaintiff's bare bones Notice of Removal, the only conceivable basis on which the Plaintiff could potentially seek removal is the contention that the relief sought in the Second Amended Complaint effects the overall assets of the debtor, Foundation. Such a claim is simply not sufficient to invoke original jurisdiction. At most, the litigation would contain "Non-Core" claims.

### 1. The Claims in the State Court Action are Non-Core

"Core" proceedings are those that only "arise in" a bankruptcy case or "arise under" the Bankruptcy Code. 28 U.S.C. § 157(b)(1). A "non-core" proceeding is one that is only "related to" a bankruptcy case or proceeding. See, e.g., *United Container*, 284 B.R. at 171 (" … the claim is a non-core proceeding. That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11.") If a proceeding involves a substantive right created by federal bankruptcy law, such as a complaint to avoid a preference, it is one "arising under" Title 11; proceedings "arising in" a bankruptcy case are the type of administrative matters that would only arise in a bankruptcy case, such as filing a proof of claim or objecting to discharge. See *In re Toledo*, 170 F.3d 1340, 1344-45 (11th Cir. 1999). Stated another way, a "core" proceeding is one that "would have no existence outside of a

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

bankruptcy case." See, e.g., *In re Burger Boys, Inc.,* 183 B.R. 682, 685 (S.D.N.Y. 1994).

Here, the Debtor's Notice of Removal fails to contain any factual allegations to support its unfounded conclusion that the State Court action is a "Core" proceeding. This is not surprising as no such facts exist as the State Court action is unequivocally a non-core proceeding.

### 2.    An Action Has Been Commenced in State Court

There can be no dispute that this element is satisfied – the Second Amended Complaint and Counterclaim were commenced in State Court seven (7) months prior to the filing of the Debtor's bankruptcy case.

### 3.    The Action Can be Timely Adjudicated in State Court

The final factor of the test for mandatory abstention is whether the action can be timely adjudicated in State Court. This last criterion is satisfied here as well. This criterion does not require the party seeking remand to "present specific, convincing proof that the proceedings would be tried sooner in the state court than in federal district court." *United Container*, 284 B.R. at 174. Here, the State Court has already demonstrated its ability to efficiently handle this litigation. The issues in the State Court Action are not complex and the State Court already has substantial familiarity with many of the issues presented in the State Court Action having presided over motions to dismiss and hearings on temporary restraining orders- which the Debtor lost. Respectfully, PBMM believes it's clear that the State Court will be more efficient in handling these disputes that this Court with no prior knowledge or exposure to the issues. Moreover, the Defendants do not consent to this Court entering judgment in this non-core matter, and have demanded a jury trial, so if abstention were not exercised, the case would have to be tried in the federal District Court in

any event.

In similar circumstances, Judge Mark granted mandatory abstention, observing:

> First, a jury demand has been made, and unless all parties consent, which they have not, the bankruptcy court would be unable to try these proceedings. Second, virtually all of the issues are state court issues that the state court can resolve. Third, although the Court is not specifically finding that the proceedings will be tried more quickly in the state court, there is no doubt that the federal district court for the Middle District of Florida is a busy court and there is certainly no reason to expect the proceedings to be tried more quickly than in the state court. Finally, and significantly, there is simply no demonstrated need to bring these proceedings into the federal court because of the … bankruptcy.

*United Container*, 284 B.R. at 175. See also *Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253, 265-66 (Bankr. S.D. Fla. 2010).

Because all of the elements of 28 U.S.C. §1334(c)(2) have been established, mandatory abstention and therefore remand to the State Court is required.

### III. In the Alternative, Cause Exists for Permissive Abstention and/or Equitable Remand

Even if the Court determines that mandatory abstention is not warranted, it would be appropriate for the Court to abstain either under the permissive abstention provisions of 28 U.S.C. § 1334(c)(1) or the equitable remand provisions of 28 U.S.C. § 1452(b). Title 28 U.S.C. § 1334(c)(1) provides as follows:

> "Nothing ... prevents a district court in the interest of justice, or in the interest of comity with State Courts or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11."

Permissive abstention applies where, in the interests of justice, or in the interest of comity with state courts or respect for state law, the Court finds it appropriate to abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case

under title 11. *See Lennar,* 430 B.R. at 265-266. Similarly, 28 U.S.C. §1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The analysis regarding discretionary abstention, and the appropriateness of remand are essentially the same. See *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 494 (E.D. La. 1990) ("[T]he considerations underlying discretionary abstention and remand are the same."); In re *Engra, Inc.,* 86 B.R. 890, 895 ("A considerable overlap exists between the factors appropriate to abstention and those appropriate to remand."). *See also, Lennar*, 430 B.R. at 267. Among the factors courts have considered are:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action. *Id.* at 269.

A review of these factors as applied to the State Court Action removed to this Court by the Debtor weighs heavily in favor of permissive abstention or equitable remand. The prosecution of the Second Amended Complaint and Counterclaim in State Court will not interfere with the administration of any bankruptcy case. In the instant matter, state law issues not only predominate over bankruptcy issues; there are no bankruptcy issues whatsoever raised by the State Court Action. As such, there is no jurisdictional basis outside of §1334 for this Court

to exercise jurisdiction. Though the proceeding does not involve unsettled issues of law, it does involve a complex factual background with which the State Court already has extensive familiarity as a result of the prior motion practice and various hearings conducted in court.

If this Court were to retain the case, it would arguably burden the Court's docket with adjudicating issues which do not further the financial rehabilitative purposes of Chapter 11 relief . The Court would have to expend substantial resources getting up to speed on issues that Judge Small is already familiar with, and ultimately the case would have to be withdrawn to District Court for trial regardless, because it is a non-core matter in which the Defendants have demanded trial by jury, and do not consent to the Bankruptcy Court entering final judgment or conducting a jury trial.  Moreover, the timing of the Notice of Removal (following an unfavorable ruling on the Debtor's Motion for Temporary Injunction) is highly indicative of forum shopping.  Last, removal of this matter would subject numerous non-debtor parties to the bankruptcy proceeding, including PBMM, Individual Directors, along with Counter-Defendants, William Burckart, Michelle Lutz, Harry S. Hamilton, Jr., and International Historical Watercraft Society, Inc.

Importantly, equitable remand or permissive abstention, would be consistent with principles of comity in permitting the State Court to decide a case between non-debtors that raises only state law issues. *See Lone Star Industries, Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 274 (D. Del. 1991) ("As a matter of comity, remand would display proper respect for a state court's role in deciding a purely state law case, and in particular, [the state court judge's] prior investment of time and efforts in managing the case."); *see also InreSol*, 419 B.R., 498, 510 (Bankr. S.D. Fla. 2009) ("Due to the remoteness of the claims at issue to the bankruptcy case, the non-core nature of the matter, and considerations of comity for the Florida state court, the

Court finds that equitable considerations warrant remand of this proceeding to the state court").

Based on the aforementioned, to the extent the Court finds that the factors for mandatory abstention are not satisfied, it should nonetheless exercise permissive abstention under 28 U.S.C.§ 1334(c)(1), and equitably remand the State Court Action back to State Court under 28 U.S.C. §

**WHEREFORE,** Palm Beach Maritime Museum, Inc. respectfully requests that the Court enter an Order: *(i)* abstaining from adjudicating this matter; *(ii)* remanding this matter back

to the State Court; and *(iii)* awarding PBMM any such other relief as the Court may deem just and proper.

        **AKERMAN LLP**
        Las Olas Centre II, Suite 1600
        350 East Las Olas Boulevard
        Fort Lauderdale, FL  33301-2999
        Phone:  (954) 463-2700
        Fax:  (954) 463-2224

        /s/ D. Brett Marks, Esq.
        D. Brett Marks, Esq.
        Florida Bar Number: 0099635
        Catherine E. Douglas, Esq.
        Florida Bar Number:  085843
        Email:  catherine.douglas@akerman.com
        Email:  brett.marks@akerman.com

        *Counsel for Palm Beach Maritime Museum, Inc.*


        **COLE, SCOTT & KISSANE, P.A.**
        Katie M. Merwin, Esq.
        1645 Palm Beach Lakes Blvd., 2nd Floor
        West Palm Beach, Florida 33401
        Telephone: (561) 383-9200
        Facsimile: (561) 683-8977

        *Co-Counsel for Palm Beach Maritime Museum, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF electronic mail and/or U.S. mail this February 26, 2016 to all parties listed on the attached service list.

By: /s/ D. Brett Marks, Esquire

## SERVICE LIST

**15-31871-PGH Notice will be electronically mailed to:**

Brian S Behar, Esq on behalf of Creditor Behar, Gutt & Glazer, P.A.
bsb@bgglaw.net

Angelo A Gasparri on behalf of Debtor Palm Beach Maritime Foundation, Inc
angelo@drlclaw.com, drlc.pbc@gmail.com;robert@drlclaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov