

**ORDERED in the Southern District of Florida on March 8, 2016.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | |
| PALM BEACH MARITIME FOUNDATION, INC., | Case No. 15-31871-PGH |
| Debtor. _____/ | Chapter 11 |
| PALM BEACH MARITIME FOUNDATION, INC., | Adv. Case No. 16-01090-PGH |
| Plaintiff, vs. | |
| PALM BEACH MARITIME MUSEUM, INC., | |
| Defendant. _____/ | |

**ORDER GRANTING PALM BEACH MARITIME MUSEUM, INC.'S MOTION FOR
MANDATORY ABSTENTION OR IN THE ALTERNATIVE PERMISSIVE
<u>ABSTENTION AND/OR EQUITABLE REMAND [ECF NO. 6]</u>**

{37670200;1}

**THIS MATTER** came before the Court at a hearing on March 1, 2016 at 9:30 a.m. (the "Hearing") upon *Palm Beach Maritime Museum, Inc.'s Motion Mandatory Abstention Or in the Alternative Permission Abstention and/or Equitable Remand* (ECF No. 6) (the "Motion"). In connection with the Hearing, the Court considered: (i) Debtor, Palm Beach Maritime Foundation, Inc.'s *Amended Notice of Removal of State Court Case to Bankruptcy Court* (ECF No. 2); (ii) Defendant, Palm Beach Maritime Museum, Inc.'s *Statement Upon Removal* (ECF No. 5); (iii) the Motion; (iv) the entire record of this adversary proceeding and the affiliated main bankruptcy case; and (v) argument made by counsel at the Hearing, and based on same makes the following Findings of Fact and Conclusions of Law:

## I.  FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

A.   The Court finds it must abstain from hearing the removed state court action captioned *Palm Beach Maritime Foundation, Inc. v Palm Beach Maritime Museum, Inc.*, Case Number 2015CA008664 (the "Action"), previously pending in the 15th Judicial Circuit, Palm Beach County, State of Florida, (the "State Court"), pursuant to 28 U.S.C. § 1334(c)(2). The Court finds that the mandatory abstention is required as: (i) there is no basis for federal jurisdiction other than 28 U.S.C. § 1334(b); (ii) the claims removed by the Debtor are all non-core proceedings; (iii) the Action has been commenced in State Court; and (iv) the Action can be timely adjudicated in the State Court.[2]

---

[1]   This Order is entered as findings of facts and rulings of law as required under Federal Rule of Bankruptcy Procedure 7052(a) and (c), which incorporates by reference Federal Rule of Civil Procedure 52 (a) and (c). Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact.  See, *In re Grand Union Co.*, 2000 Bankr. LEXIS 1710 (Bankr. D. N.J. 2000) and *In re American Family Enterprises*, 256 B.R. 377 (Bankr. D. N.J. 2000) and *In re Levitt & Sons, LLC*, 384 B.R. 630 (Bankr. S.D. Fla. 2008).

[2]   The Court also finds that the Motion seeking abstention was timely filed by Defendant, Palm Beach Maritime Museum, Inc.;   a "timely motion" is a threshold requirement under 28 U.S.C. § 1334(c)(2).

B.     The Court further finds that it is appropriate for the Court to abstain from hearing the Action under both the permissive abstention provisions of 28 U.S.C. § 1334(c)(1) and the equitable remand provisions of 28 U.S.C. § 1452(b).[3] This Court finds permissive abstention and/or equitable remand of the Action to be proper as: (i) the Court has no basis for federal jurisdiction outside of 28 U.S.C. § 1334(b) as the Action implicates only State Court issues; (ii) the State Court has considerable experience and familiarity with the complex facts of the Action; (iii) ultimately the Action would have to be withdrawn to District Court for trial regardless, because it is a non-core matter in which the defendants have demanded trial by jury, and do not consent to the Bankruptcy Court entering final judgment or conducting a jury trial; and (iv) removal of the Action would subject numerous non-debtor parties to the bankruptcy proceeding.

C.     The Court further finds that sufficient cause exists to lift the automatic stay imposed by 11 U.S.C. § 362 as it applies to the Action in the State Court, and by doing so allow Palm Beach Maritime Museum, Inc. and all related parties (the "Defendants") to liquidate their claims against the Debtor in the State Court Action, provided that the Defendants may not execute on any judgment obtained against the Debtor, absent further relief from this Court, or dismissal of the Debtor's bankruptcy case.

**THEREFORE, BASED UPON THE FOREGOING**, the Court does **ORDER** and **ADJUDGE** as follows:

1.     The Motion is **GRANTED.**

2.     The Action is **REMANDED** to the State Court.

---

[3] The analysis regarding discretionary abstention, and the appropriateness of remand are essentially the same. See *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 494 (E.D. La. 1990) ("[T]he considerations underlying discretionary abstention and remand are the same.").

3.  The automatic stay is **LIFTED** to permit all parties to the Action in the State Court to continue their prosecution of the Action against the Debtor, provided that the Defendants may not execute on any judgment obtained against the Debtor, absent further relief from this Court, or dismissal of the Debtor's bankruptcy case.

# # #

**SUBMITTED BY:**
**AKERMAN LLP**
Brett Marks, Esq.
*Counsel for Defendant, Palm Beach Maritime Museum, Inc.*
350 E. Las Olas Blvd., Suite 1600
Ft. Lauderdale, Florida 33301
Tel:  (954) 463-2700 /Fax:  (954) 463-2224


Copies furnished to:
Brett Marks [Attorney Marks is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.]